IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD K. PETERSON,

    Plaintiff,                        No. CIV S-07-2349 LKK JFM P

    vs.

MARK TIRRELL,

    Defendant.                   FINDINGS & RECOMMENDATIONS

                              /

           Plaintiff, a jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff names Mark Tirrell, conflict attorney with the Vallejo Superior Court, as the sole defendant in this action. Plaintiff alleges he is "having a hard time firing Mr. Tirrell." (Complaint at 5.) Apparently Mr. Tirrell is representing plaintiff in his pending criminal action, VCR 193055, in the Solano County Superior Court. Plaintiff asks this court to remove Mr. Tirrell from plaintiff's criminal case.

           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state

1

law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Private attorneys are not state actors as services performed by an attorney in connection with a lawsuit do not constitute action under color of state law.  Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-56 (9th Cir. 1977); nor do claims for malpractice come within the jurisdiction of the federal courts.  Franklin, 662 F.2d at 1345.  Finally, state public defenders are not amenable to suit under § 1983 as they do not act under color of law.  Tower v. Glover, 467 U.S. 914, 919-20 (1984) (state public defender).[1]

       Moreover, challenges to ongoing state criminal proceedings are generally not cognizable in a federal civil rights action pursuant to 42 U.S.C. § 1983.  See Heck v. Humphrey, 512 U.S. 477 (1994); see also Alvarez-Machain v. United States, 107 F.3d 696 (9th Cir.), cert. denied sub nom., Berellez v. Alvarez-Machain, 118 S. Ct. 60 (1997).  Plaintiff is informed that the court is required to abstain from deciding any federal action challenging state criminal proceedings against him when (1) state judicial proceedings are ongoing; (2) important state interests are implicated in the proceedings; and (3) plaintiff has an adequate opportunity to raise federal questions in the state proceedings.  World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) (citing Younger v. Harris, 401 U.S. 37 (1971)).

       Because plaintiff cannot amend his complaint to allege a cognizable civil rights complaint, the court will recommend that this action be dismissed.

       IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Fed. R. Civ. P. 41(b).

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

---

[1] In the instant action, plaintiff is attempting to challenge his legal representation in state court.  Plaintiff must address his concerns to the state court judge presiding over plaintiff's pending criminal action.  For example, plaintiff could file in the Vallejo Superior Court a motion for substitution of counsel pursuant to People v. Marsden, 2 Cal. 3d 118 (1970), attaching the information provided in the instant complaint.

1  days after being served with these findings and recommendations, plaintiff may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
5  F.2d 1153 (9th Cir. 1991).

6  DATED:  November 28, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

10  /001;pete2349.56

3